UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILFRED RIVERA JR.,<br>    *Plaintiff*,<br><br>vs.<br><br>EXPERIAN,<br>    *Defendant.* | No. 3:22-cv-01039-MPS |

### RULING ON MOTION TO DISMISS

The plaintiff, Wilfred Rivera, brings this *pro se* action against Experian Information Systems, Inc. ("Experian"), a credit reporting agency. Rivera alleges that Experian failed to remove inaccurate or improper information from his consumer report and disseminated that report to third parties without his consent. His complaint brings claims, in part, under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.*, and the Gramm-Leach-Biley Act ("GLBA"), 15 U.S.C. §§ 6801-6809, 6821-6827. Experian has moved to dismiss these claims. For the reasons stated below, I GRANT its motion.

### I.   BACKGROUND

Rivera's complaint, ECF No. 14, provides few facts explaining how he has been harmed by actions of Experian. He does not describe the transactions or information that Experian allegedly misreported; he does not provide any dates of his interactions with Experian or the underlying creditors; and he does not provide any facts linking actions by Experian to harm he suffered. Instead, his complaint makes broad accusations that Experian is violating a series of laws

1

by generally providing inaccurate information or reporting information that is private. Nevertheless, because *pro se* litigants in this Circuit are entitled to "special solicitude," *see Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010), the Court has done its best to glean the following relevant facts from Rivera's complaint and exhibits and accepts them as true for the purposes of this ruling.

### A. Factual Allegations

Experian "was founded in 1996" after "the merger of two British credit information companies." *Id.* at 1. It then "became part of the larger Experian Group Limited, which is a global information services company." *Id.* Credit reporting agencies like Experian "are not Government entities," and, in passing the FCRA in 1970, Congress sought to remove itself "from liability" associated with these companies, due to their "willfully frivolous and deceptive" behavior. *Id.* "Experian till this day continues in its frivolous business practices." *Id.*

Experian "assumed its role to furnish a credit report on [Rivera's] behalf" without his consent, notwithstanding the fact that under the agency's data sharing policy, it is "required to maintain a copy of a consumer[']s prior consent before furnishing a consumer report." *Id.* at 2; *see also id.* at 11 ("Affidavit of Truth," addressed to Experian) ("Experian has a[c]quired my social security without my consent and has used it to furnish a report on behalf of the original creditor without my consent.") In furnishing Rivera's credit report, Experian also collected and disclosed Rivera's private information,[1] *id.* at 8, and failed to provide him with "a clear and conspicuous

---

[1] Rivera asserts this was a violation of his right to privacy under the Privacy Act of 1974. *See* ECF No. 14 at 8 ("Experian has ASSUMED its role to assemble my non public information without my consent as well violating my right to privacy under the Privacy Act Of 1974 . . . ."). A private right of action under the Privacy Act, however, is "specifically limited to actions against agencies of the United States government." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (citing 5 U.S.C. § 552a(g)(1) (stating that "the individual may bring a civil action against the agency")).

disclosure" of his opportunity to "opt out of [having his] consumer information being reported." *Id.* at 2.

Furthermore, "to create a credit report," Experian "would have to have [ ] communicated and disclosed [non-public] information with non-affiliated third parties," and Experian "did not communicate with [Rivera]" nor give him notice prior to doing so. *Id.* at 3. Experian "assembles [this] non public information" to furnish "a fict[i]tious [credit] [s]core that is trended[*sic*] to be a 'representation' of a consumer[']s worthiness on acquiring their own credit." *Id.* at 4. This score—the "FICO score"—"is in fact fictitious for there is NO Federal Law that claims a FICO score nor defines one." *Id.* at 8. Moreover, when Experian includes information in a consumer report that "is inaccurate or should not even be reported," this creates a "false representation of a consumer[']s worthiness to their own credit." *Id.* at 5. In Rivera's case, Experian's disclosure of inaccurate information caused him to "suffer[ ] damages and experience[ ] discrimination due to [the] denial of [his] right to credit for the purpose of household and personal use . . . ." *Id.* On July 29, 2022, for example, Wells Fargo informed Rivera that it was "unable to approve [his] request" for a "BILT WORLD ELITE MASTERCARD account" due to "not [having] enough open revolving bankcards with high credit limit[s]," "[the] amount owed on bank or retail credit card[s] or non-home equity credit line[s] with the highest balance relative to the credit limit [being] high," "too many inquiries or applications for credit in the last 14 days," and "too few months since [the] most recent personal installment account was opened." ECF No. 14-1 at 2. Furthermore, on August 16, 2023, Discover notified Rivera that it "could not approve [his] request" for a Discover card due to "serious delinquency," "[the] number of accounts with delinquency," and "[the percentage] of balance to high credit on banking revolving or all revolving [accounts]." *Id.* at 1.

3

Experian's failure "to exclude certain information" from his consumer report demonstrates that the agency lacks "reasonable procedures designed to avoid" unlawful credit reporting practices. *Id.* at 6. Rivera "demanded [Experian] to remove" the inaccurate information. *Id.* at 7. He also submitted three complaints with the Consumer Financial Protection Bureau. *See* ECF No. 14-1 at 19-20, 26-27, 32-34. Despite being "put on proper notice," however, Experian continued to report "adverse" and "inaccurate" information, ECF No. 14 at 7, including "reporting accounts that have been charged off to collection . . . ." *Id.* at 8.

### B. Procedural History

Rivera initially filed this case in August 2022. *See* ECF No. 1. Shortly thereafter, a magistrate judge recommended dismissal of the complaint. ECF No. 9. Over Rivera's objection, ECF No. 11, the Court adopted that recommendation but gave Rivera an opportunity to replead. ECF No. 12. Among the bases for dismissal was the complaint's invocation of statutory provisions that were "inapplicable or otherwise fail[ed] to create a private cause of action." *Id.* Upon dismissing the case without prejudice to refiling, the Court advised Rivera that he "may wish to avail himself of the services of the Federal Pro Se Legal Assistance clinic for assistance in drafting an amended complaint that avoids the problems described in [the magistrate judge]'s ruling." *Id.*

Rivera subsequently filed an amended complaint, ECF No. 14, which is the operative complaint, and Experian moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). ECF No. 38. Rivera did not file a response to the motion to dismiss.[2]

---

[2] Experian argues that this lack of response provides sufficient grounds for dismissal. *See* ECF No. 43 at 1. The Local Rules state, however, that a failure to file a response "may be deemed sufficient cause to grant [a] motion, *except where the pleadings provide sufficient grounds to deny the motion*." L. Civ. R. 7(a)(1) (emphasis added). As the Second Circuit has pointed out, "[i]f a district court could simply grant a motion to dismiss based on the insufficiency or absence of opposition—that is, without first examining the allegations in the complaint—then the Local Rule's 'except' clause would have no meaning." *Goldberg v. Danaher*, 599 F.3d 181, 183 (2d Cir. 2010).

## II.  LEGAL STANDARD

To avoid dismissal under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). I accept as true all of the complaint's factual allegations when evaluating a motion to dismiss, *id.*, and must "draw all reasonable inferences in favor of the nonmoving party." *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008). However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (citation omitted). In reviewing the plaintiff's *pro se* complaint, I must construe it "to raise the strongest argument it suggests." *Darby v. Greenman*, 14 F.4th 124, 127 (2d Cir. 2021).

## III.  DISCUSSION

Experian notes that, because Rivera has failed "to number or identify his claims," it "cannot be sure what claims are alleged against it." ECF No. 38 at 1. It has nevertheless construed Rivera's complaint as bringing claims under the FCRA—specifically, under 15 U.S.C. §§ 1681, 1681a, 1681b, 1681c, 1681e, and 1681s-2—the GLBA—specifically, under 15 U.S.C. §§ 6802, 6821, and 6823—and the ECOA under 15 U.S.C. § 1691. *Id.* at 2. Experian argues that these claims fail either because they rely on provisions that are inapplicable or do not provide a cause of action, or because they lack the requisite factual support. ECF No. 38 at 1, 4 ("This statute is merely a definition and does not create a cause of action."); *id.* at 5 ("Plaintiff's claim is deficient because

he does not identify the party who allegedly obtained his credit report for an impermissible purpose . . . ."). The Court agrees.

### A. Inapplicable Claims

Among the provisions the complaint invokes are two that are inapplicable to Experian as a credit reporting agency. Rivera alleges that Experian violated 15 U.S.C. § 1681s-2 of the FCRA and 15 U.S.C. § 1691 of the ECOA. *See* ECF No. 14 at 7 ("Notice it is fact Experian has assumed its role to report on my behalf and is in violation 15 USC 1681s-2 . . . ."); *id.* at 5 ("Notice it is fact Factitious Entities cannot grant any rights to the natural person as Congress proves under 15 USC 1691a."). Section 1681s-2 applies to "furnishers of information," *see* 15 U.S.C. § 1681s-2(a) ("Duty of Furnishers of Information to Provide Accurate Information"), and Section 1691 applies to "creditors." *See* 15 U.S.C. § 1691(a) ("It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction.").

As Experian points out, it is neither a furnisher of information nor a creditor. *See* ECF No. 38 at 6 ("Experian is a [credit reporting agency], not a furnisher of information."); *id.* at 7 ("Experian is a CRA and not a creditor."). Rivera does not argue to the contrary, and has in fact elsewhere conceded that, at least with respect to Section 1681s-2 claims, the statute is inapplicable. *See Rivera v. Equifax*, No. 22-cv-972 (MPS) (D. Conn. Aug. 1, 2022) (ECF No. 39) ("Plaintiff, acting in good faith and with respect for this Honorable Court, acknowledges an error in the current complaint specifically, the citation of 15 USC 1681s-2, which applies to furnishers of information."). Accordingly, Rivera's claims under Section 1681s-2 and the ECOA are DISMISSED.

Rivera also seeks to bring claims under statutes that do not provide a cause of action. Not every violation of the U.S. Code can give rise to a federal lawsuit. Instead, "courts must look to the intent of Congress in determining whether a federal private right of action exists for violations of a federal statute." *Olmsted v. Pruco Life Ins. Co. of New Jersey*, 283 F.3d 429, 432 (2d Cir. 2002). Absent a demonstrated intent to create a cause of action, "a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." *Alexander v. Sandoval*, 532 U.S. 275, 286–87 (2001). In ascertaining congressional intent in this context, courts begin with the text, which is often dispositive. *See id.* at 288 ("We therefore begin (and find that we can end) our search for Congress's intent with the text and structure of Title VI.").

Liberally construed, Rivera's complaint alleges that Experian violated Sections 1681 and 1681a of the FCRA, as well as portions of the GLBA. *See, e.g.*, ECF No. 14 at 1 (citing "15 USC 1681"); *id.* at 8 ("Experian is in violation under 15 USC 1681a(2)(ii) . . . ."); *id.* at 3 ("Notice it is a fact Experian is in violation under . . . 15 USC 6802 . . . .").

Section 1681 provides the "congressional findings and statement of purpose" that undergird the FCRA. *See, e.g.*, 15 U.S.C. § 1681(a)(1) (finding that "unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system"); *id.* at § 1681(b) (declaring it the purpose of the FCRA, in part, "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit . . . in a manner which is fair and equitable to the consumer"). Experian argues that Section 1681 "merely states the congressional purpose for enacting the FCRA," and the claim must therefore be dismissed. ECF No. 38 at 3. The Court agrees. Broad policy statements like

those contained in Section 1681 confer no rights and are plainly not actionable, as courts have held in other statutory contexts. *See Harris v. U.S. Dep't of Housing and Urban Development*, No. 93-cv-0397, 1993 WL 276084, at *4 (S.D.N.Y. July 16, 1993) (holding that the United States Housing Act of 1937's "Declaration of policy," which states that the Act seeks "to remedy the unsafe and unsanitary housing conditions and the acute shortage of decent, safe, and sanitary dwellings for families of low income," was "the kind of general expression of policy that is not by itself sufficient to create rights in public housing tenants"). The Section 1681 claim is therefore DISMISSED.

Section 1681a similarly does not provide a private cause of action. Instead, as Experian points out, the statute "sets forth various definitions to be used in the subsequent FCRA statutes." ECF No. 38 at 4. Courts in this Circuit have routinely held that a statutory definition cannot be invoked as the basis for a claim. *See, e.g.*, *Richter v. Design at Work, LLC*, No. 14-cv-650, 2014 WL 3014972, at *4 (E.D.N.Y. July 3, 2014) ("Richter also purports to bring this action under 26 U.S.C. § 62, a provision of the Internal Revenue Code that defines 'adjusted gross income' . . . Section 62 is definitional; it does not create a private right of action . . . ."); *United States v. Richard Dattner Architects*, 972 F. Supp. 738, 743–44 (S.D.N.Y. 1997) ("A section that merely defines should not be relied upon to show that Congress intended to create a private right of action to enforce what is included in or excluded from the definition."). The Section 1681a claim is therefore DISMISSED.

The GLBA likewise does not provide a private cause of action, a point the Court has made in another case brought by Rivera. *See Rivera v. Gatestone & Co.*, No. 3:23-cv-00035 (MPS), 2023 WL 5530685, at *4 (D. Conn. Aug. 28, 2023) ("Indeed, '[e]very case to have addressed the issue has held that the GLBA does not provide for a private right of action.'") (alterations in

8

original) (citing *Farley v. Williams*, No. 02-cv-0667C, 2005 WL 3579060, at *3 (W.D.N.Y. Dec. 30, 2005) (collecting cases)). Instead, "the act's enforcement provision states that the act 'shall be enforced by the Bureau of Consumer Financial Protection, the Federal functional regulators, the State insurance authorities and the Federal Trade Commission with respect to financial institutions and other persons subject to their jurisdiction.'" *Id.* (citing 15 U.S.C. § 6805(a)). Accordingly, the claims Rivera brings under the GLBA, including under 15 U.S.C. §§ 6802, 6821, and 6823, are DISMISSED.

### B. Claims Without Factual Support

For Rivera's claims to survive the motion to dismiss, Rivera must plead enough facts to render those claims plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rivera alleges that Experian's conduct gives rise to liability under 15 U.S.C. §§ 1681b, 1681c, and 1681e. *See* ECF No. 14 at 8 ("Experian is in violation under 15 USC 1681b."); *id.* at 7 ("Experian is in [ ] violation under 15 USC 1681c for in fact reporting accounts that have been charged off to collection . . . ."); *id.* at 8 ("Experian is in violation under 15 USC 1681e(b) for failure to maintain reasonable procedures to assure maximum accuracy."). The FCRA imposes civil liability for "willful" or "negligent" noncompliance with its requirements, including the requirements imposed by Sections 1681b, 1681c, and 1681e. *See* 15 U.S.C. § 1681n(a) ("Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer . . . ."); 15 U.S.C. § 1681o ("Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer . . . ."). Experian argues that Rivera has failed to state the requisite facts to make out these claims. *See* ECF No. 38 at 4-6. The Court agrees.

*1. Section 1681b*

15 U.S.C. § 1681b provides the "permissible purposes" or "circumstances" under which a credit reporting agency like Experian can "furnish a consumer report." Among those "circumstances" is when the report is furnished "in accordance with the written instructions of the consumer to whom it relates." 15 U.S.C. § 1681b(a)(2). Rivera alleges that "Experian is in violation under 15 USC 1681b . . . because without written instruction this consumer reporting agency has committed fraud by using my identifying information without any lawful authority to furnish this information on my consumer report." ECF No. 14 at 8. A report furnished "in accordance with the written instructions of the consumer" is, however, just one of six enumerated purposes or circumstances under which a credit reporting agency may furnish a report. *See* 15 U.S.C. § 1681b(a)(1)-(6). Rivera's complaint states no facts suggesting the circumstances, permissible or otherwise, under which Experian actually furnished his report; he does not state who received the report, nor why they received it.

On the other hand, Rivera has attached two credit denial letters to his complaint—one from Discover, ECF No. 14-1 at 1, and one from Wells Fargo, *id.* at 2. Rivera does not explain why he is offering these letters, nor does the complaint refer to them. Nonetheless, the Court presumes that Rivera offers these letters for the purposes of demonstrating injury and considers them, in conjunction with the pleadings, in deciding whether Rivera has plausibly alleged his claims. *See Kalyanaram v. Am. Ass'n of Univ. Professors at New York Inst. of Tech., Inc.*, 742 F.3d 42, 44 (2d Cir. 2014) ("In ruling on a 12(b)(6) motion . . . a court may consider the complaint as well as 'any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in it by reference.'"). Doing so, however, does not alter the conclusion that Rivera

has failed to state a claim under Section 1681b, as a report being furnished for the purposes of obtaining credit is expressly permitted by the statute.[3] *See* 15 U.S.C. § 1681b(a)(3) (allowing a consumer reporting agency to furnish a consumer report "to a person which it has reason to believe intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to . . . the consumer"). Thus, because Rivera has failed to state any facts suggesting that Experian furnished his report for purposes other than those provided for in Section 1681b, his claim under the statute is DISMISSED.

  2.  *Section 1681c*

Rivera alleges that Experian violated 15 U.S.C. § 1681c, which requires consumer reports to exclude certain information, including "[a]ccounts placed for collection or charged to profit and loss which antedate the report by more than seven years" and "[a]ny . . . adverse item of information, other than records of crimes which antedates the report by more than seven years." *See* ECF No. 14 at 7; 15 U.S.C. §§ 1681c(a)(4), 1681c(a)(5). Experian argues that Rivera has "fail[ed] to allege or identify what this information is or why reporting such information constitutes a violation of Section 1681c . . . ." ECF No. 38 at 5. The Court disagrees. While the complaint's allegations concerning Experian's violation of this provision are vague, *see* ECF No. 13 at 7 (alleging that Experian violated these provisions by "reporting information it is demanded to

---

[3] Nor is it the case, as Rivera appears to believe, that a credit reporting agency must somehow satisfy *all* of the permissible purposes under the statute. *See* ECF No. 14 at 8 ("[N]o consumer reporting agency can furnish a consumer report to any person without [ ] following all the purposes listed in section 1681b of this title 15."). Such an interpretation of the statute would yield absurd results—for example, by requiring that a consumer reporting agency who wishes to furnish a report for the purposes of a consumer's credit application also furnish that report to "the head of a State or local child support enforcement agency." *See* 15 U.S.C. 1681b(a)(4); *In Re: Nine W. LBO Sec. Litig.*, 87 F.4th 130, 145 (2d Cir. 2023) ("Courts should interpret statutes to avoid absurd results.").

11

exclude" and by "reporting such collection and adverse information on [Rivera's] consumer report which [he] ha[s] demanded them to remove"), the complaint also alleges that Rivera's "consumer report is evidence of these violations," *id.*, and Rivera has attached that consumer report to his complaint. ECF No. 14-1 at 8-18. The report shows a number of accounts "charged off," including one account for which $696 was "written off" and for which another $696 remains "past due as of Oct 2023." *Id.* at 13. Under that account, Rivera appears to have handwritten, "IRS defines charged off debt as income, info is inaccurate." *Id.* This is consistent with the complaint's allegations, wherein Rivera states, "IRS defines discharged debt to be reported as income and income does not belong on a personal credit report." ECF No. 14 at 6.

Accepting as true, however, that Rivera's credit report contains "accounts charged to profit and loss" under Section 1681c(a)(4), or income information that is in some way "adverse" under 1681c(a)(5), Rivera nowhere states that this information "antedates the report by more than seven years." Nor can the Court draw any such inference from the content of Rivera's exhibits. Accordingly, Rivera has failed to plausibly allege that his Experian consumer report contained information that Experian otherwise should have excluded under Section 1681c.[4] His claim under that provision is therefore DISMISSED.

---

[4] Rivera also appears to contend that his report contained improper "transactional information." *See* ECF No. 14 at 6 ("Experian claims it follows FCRA guidelines BUT Congress DEMANDS Experian under 15 USC 168la(2)(ii) to EXCLUDE transactional information like banking information, utilization, payment history etc. and yet, they DO NOT."). Rivera alleges that this constitutes a violation of 15 U.S.C. § 1681a, the definition section. The Court has already explained why any such claims under Section 1681a fail. Even if the Court were, however, to also construe the allegations concerning transactional information as forming a part of his claim under Section 1681c, the claim must be dismissed. Section 1681c does not require that such information be excluded from consumer reports.

3.  *Section 1681e*

15 U.S.C. § 1681e(b) requires credit reporting agencies, in preparing consumer reports, to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." Rivera alleges that because his report contained improper information under Section 1681c and because Experian furnished that report for improper purposes under 1681b, Experian has failed "to maintain reasonable procedures to assure maximum accuracy." ECF No. 14 at 8 ("Experian is in violation under 15 USC 1681e(b) for failure to maintain reasonable procedures to assure maximum accuracy for Experian must maintain reasonable procedures designed to avoid violations under section 1681c which includes violations of permissible purposes, and affiant is aware, no consumer reporting agency can furnish a consumer report to any person without [ ] following all the purposes listed in section 1681b of this title 15."). In response, Experian argues that Rivera's "claim under Section 1681e is comprised of restatements and conclusions of the law and incomplete hypothetical questions." ECF No. 38 at 6. "It does not," according to Experian, "identify what the allegedly inaccurate information is included on his report." *Id.*

Rivera's allegation appears to conflate the dictates of Section 1681e(a)—which requires credit reporting agencies to "maintain reasonable procedures designed to avoid violations" of Sections 1681c and 1681b—with those of 1681e(b)—which requires reasonable procedures to assure a report's "maximum possible accuracy." To the extent he seeks to bring a claim under Section 1681e(a) on the basis of alleged violations of Sections 1681b and c, any such claim fails as "it is difficult to imagine how Rivera could show that" Experian "did not maintain reasonable procedures to prevent violations of these provisions without first establishing that a violation

13

actually occurred." *Rivera v. Trans Union, LLC*, No. 3:22-cv-1038 (MPS), 2025 WL 1549139, at *5 (D. Conn. May 30, 2025).

Moreover, Rivera has failed to allege the elements of a Section 1681e(b) claim. "[T]o establish a Section 1681e(b) violation, a plaintiff must show: (1) inaccuracy; (2) failure to follow reasonable procedures; (3) damages; and (4) causation." *Jones v. First Advantage Background Servs. Corp.*, No. 3:23-cv-553 (KAD), 2025 WL 2223638, at *4 (D. Conn. Aug. 5, 2025). First, Rivera does not allege—other than in conclusory fashion—that his consumer report contained inaccurate information. As previously discussed, Rivera's complaint appears to take issue with the "discharged debt" that Experian failed to exclude. *See* ECF No. 14 at 7 ("[T]he information being reported is inaccurate because it is in fact information demanded to be excluded under FCRA regulations from a consumer report."); ECF No. 14-1 at 27 (CFPB complaint) ("EXPERIAN is in fact reporting charged off accounts that are considered as income by the IRS which IS NOT REASONABLE and a direct violation under 15 USC 1681e(b) . . . ."). But, while this information may be *improper* under particular circumstances—particular circumstances that, as previously discussed, are not suggested by any factual allegations in the complaint—Rivera does not allege that the information is *inaccurate*.

Second, Rivera states no facts concerning the procedures Experian relied on in preparing his consumer report. Nor has he identified any reasonable procedures that Experian failed to follow. Instead, he offers, in the form of a hypothetical question, the inference that Experian could not have used reasonable procedures, given its failures under Sections 1681b and c. *See* ECF No. 14 at 6 ("If Experian is demanded to EXCLUDE certain information but willfully does not and does not have proper recorded consent nor permissible purpose given by the consumer, how is this

14

maintaining reasonable procedures and a reasonable effort to make sure such reporting is lawful under 15 USC 1681b????"). Not only has Rivera failed to plausibly allege these failures, but such an inference, absent additional facts, is not a reasonable one.

For the reasons above, any claims Rivera seeks to bring under Section 1681e are DISMISSED.

### C. Other Claims

The Court finds that Rivera's complaint also brings other claims that Experian leaves unaddressed. In addition to the claims addressed by Experian, the Court has construed Rivera's complaint as seeking to bring claims under the FCRA, 15 U.S.C. §§ 1681g, 1681i, the GLBA, 15 U.S.C. § 6801a, the Truth in Lending Act ("TILA"), 15 U.S.C. § 1611, provisions of the U.S. Criminal Code, namely, 18 U.S.C. §§ 241, 242, 1028A, and 3751, and a federal regulation, 12 C.F.R. § 1022.3. *See* ECF No. 14 at 8 ("Experian is in violation under 15 USC 1681g for stating that they reached out to the alleged furnishers to verify the disputed information but did not provide all disclosures and proper methods as demanded under this provision on said verified investigation also being in direct violation under 15 USC 1681i(7)."); *id.* at 2 ("Notice it is fact before any[th]ing, under 15 USC 6801a Experian has a RESPONSIBILITY to protect consumer information NOT sell it or share it with any affiliates or third parties for business without my prior consent."); *id.* at 6 ([T]his means Experian does not conduct proper verification as it is demanded by the FCRA to perform prior to furnishing information . . . also now being in direct violation under 15 USC 1611 for willful non compliance violations."); *id.* at 5 ("This is in fact a direct violation under 18 USC 241 and 18 USC 242 and 15 USC 6821 and 18 USC 3751 and 18 USC 1028A to which Experian is liable."); *id.* at 8 ("By definition Experian has committed identity theft . . . Notice it is fact term

15

identity theft as described in . . . Regulation V 12 CFR 1022.3 is a fraud committed or attempted using the identifying information of another person without authority.").

This oversight is, to some extent, attributable to the disorganized state of the complaint. As Experian points out, Rivera's complaint fails to comply with Federal Rule of Civil Procedure 10(b), which requires a party to state its claims "in separate paragraphs" and "in [ ] separate count[s]." FED. R. CIV. P. 10(b); ECF No. 38 at 3 ("Plaintiff's complaint fails to comply with FRCP Rule 10(b)."). The Court need not inquire, however, into whether it should treat these claims as unchallenged, as it finds them to be facially deficient and therefore dismisses them. *See Doe v. United States*, No. 3:24-cv-1146 (VDO), 2025 WL 2740575, at *14 (D. Conn. Sept. 26, 2025) ("Federal courts possess the inherent authority to dismiss frivolous or legally insufficient claims *sua sponte*, particularly where the defects are apparent on the face of the pleadings.").

Many of these claims contain fatal defects that amendment cannot cure. As stated by the magistrate judge in recommending dismissal of Rivera's initial complaint, these claims are either inapplicable or do not provide a cause of action. *See* ECF No. 9 at 6 (recommending dismissal of the GLBA claim because the statute is "applicable to financial institutions"); *id.* (recommending dismissal of the TILA claim because the statute is "inapplicable to a credit reporting agency"); *id.* (recommending dismissal of the 12 C.F.R. § 1022.3 claim because the regulation "does not bestow . . . a right of action"); *id.* at 7 (recommending dismissal of claims brought under the Criminal Code because criminal statutes "do not give rise to a viable claim").

As to the claims brought under the FCRA, the Court gave Rivera an opportunity to amend the defects identified by the magistrate judge, but he proceeded to replead the claim in the same deficient manner, nonetheless. *Id.* at 12-13 (recommending dismissal of the FCRA claims because

16

plaintiff's "conclusory use of the words 'willfully' and 'fraudulently'" were insufficient to plausibly allege willful violations of the FCRA); ECF No. 14 at 5 ("Why is my previous claim a fact? Because such adverse information or inaccurate information willfully reported by Experian against FCRA regulation is the main factor that causes consumers to suffer loss of wages due to physical and mental anguish and high interest."). Because these claims remain deficient notwithstanding Rivera's opportunity to amend, the Court DISMISSES them with prejudice. *See Mercedes v. City of New York*, No. 19-cv-04094, 2020 WL 2219186, at *1-2 (E.D.N.Y. May 6, 2020) (dismissing *pro se* plaintiff's amended complaint with prejudice because it "fail[ed] to cure the deficiencies of the original complaint" and "further amendment would be futile").

## IV.   CONCLUSION

Experian's motion to dismiss (ECF No. 38) is GRANTED. The claims against Experian are DISMISSED, and the Clerk is directed to close this case. Rivera's motions for clarification (ECF Nos. 45 and 67) and motion for leave to file a renewed summary judgment motion (ECF No. 55) are DENIED as moot.

The Court still has other pending cases with Rivera. *See Rivera v. Gatestone & Co.*, No. 3:23-cv-35 (MPS) (D. Conn. Jan. 9, 2023); *Rivera v. Equifax*, No. 3:22-cv-972 (MPS) (D. Conn. Aug. 1, 2022). For his reference and benefit, the Court again suggests that he confer with the Federal Pro Se Legal Assistance Program in preparing his pleadings and motions in these cases. The Court further urges him to stop filing motions for default and default judgment. The Second Circuit strongly disfavors such motions, and as a consequence, district courts generally do not grant them unless a defendant that has been properly served fails, after notice and the passage of a substantial period of time, to respond in any way to the complaint, by motion or otherwise.

Even then, the Court is likely to vacate a default or default judgment if a defendant shows up late to defend on the merits, because of the Second Circuit's strong preference that cases be decided on the merits rather than by default.

More importantly, the plaintiff would avoid wasting time if he focused on pleading facts in his complaints, numbering the paragraphs, as Rule 10 requires, and avoiding lengthy recitations of the law. For example, "The plaintiff opened an account with VISA on December 10, 2023. The plaintiff made timely payments on the account and disputed one charge. The [CRA] misreported the account as delinquent on January 28, 2024, and continues to do so despite the plaintiff's requests for verification made on March 15, 2024, and April 15, 2024 . . . ."

Finally, the plaintiff should avoid citing criminal statutes and other statutes and regulations that do not create private causes of action.

While the Court cannot guarantee him success if he follows these suggestions, it can assure him that he will save time and probably receive a more prompt ruling from the Court, which, if he disagrees with it, he can then appeal.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
       March 5, 2026